## ST. LOUIS & S. F. R. CO. v. WYNN.

No. 5498. Opinion Filed March 21, 1916.

(156 Pac. 346.)

**CARRIERS—Commerce—Regulation—Interstate Carriers — Limitation of Liability.** On account of the passage of Act Cong. June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1911, p. 1284), the state, under its police power, has ceased to have the authority to pass acts relative to contracts made by carriers pertaining to interstate shipments, and section 9, art. 23 (section 358, Williams' Ann. Const.), of the Constitution of this state applies only to intrastate shipments.

(a) As to interstate shipments, the common-law liability of the carrier for the safe carriage of property may be limited by a special contract with the shipper, where such contract, being supported by a consideration, is reasonable and fairly entered into by the shipper, and does not attempt to cover losses caused by the negligence or misconduct of the carrier.

(Syllabus by Brewer, C.)

*Error from County Court, Comanche County;*
*H. W. Whalin, Judge.*

Action by W. T. Wynn against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

See, also, 54 Okla. 482, 153 Pac. 1156.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*B. M. Parmenter,* for defendant in error.

Opinion by BREWER, C. This is a suit for damages brought by the defendant in error against the railroad company for alleged negligence, and damages resulting therefrom to two shipments of live stock originating at Indiahoma, Okla., and shipped to Kansas City, Mo. One of the defenses interposed in the trial was that the shipment moved under a written contract, section 13 of which provided, in substance, that as a condition precedent to any recovery of damages for loss, injury, or delay the shipper should give notice in writing of his claim therefor to some general officer of the company, or the nearest station agent, or agent at destination, before such live stock became mingled with other stock, etc., and that a failure to comply with such provision should be a bar to any recovery, etc. The case was tried before a jury, and at the conclusion of the evidence, the defendant moved for an instructed verdict, on the grounds that there had been a total failure of proof relative to the giving of the notice, etc. The request for an instructed verdict was denied, and the court instructed the jury on the subject as follows:

"Instruction No. 7. The court further instructs you that one of the defenses interposed by the defendant to each of plaintiff's several causes of action is a special contract with plaintiff, attempting to limit plaintiff's right to a cause of action for damages depending upon notice in writing of his claim to some general officer of the company, or the nearest station agent or agent at destination, and within one day after its delivery at destination. Said

.special contract is designated as section 13, set out in the .contracts under the several causes of action in plaintiff's petition. The court instructs you that section 9 of article 23 of the Constitution of Oklahoma is as follows: 'Any provision of any contract or agreement, express or implied, stipulating for notice or demand, other than such as may be provided by law, as a condition precedent to establish any claim, demand or liability, shall be null and void.' And in this connection the court further instructs you that section 13 of the contracts set out in plaintiff's several causes of action and relied upon as a third defense to plaintiff's several causes of action by defendant is prohibited by section 9, art. 23 of the Constitution of Oklahoma, and constitutes no defense to plaintiff's several causes of action; and, although the jury may find from the evidence in this case that this condition of the contract has not been complied with by the plaintiff in this case, such finding would not operate to defeat plaintiff's several causes of action."

The giving of this instruction is one of the numerous errors assigned, and reasons urged, for a reversal of the case; and, as the above instruction is so thoroughly contrary to the law, and the giving of which, of itself, requires the reversal of the case, we shall not take up and consider the other points raised; inasmuch as, since this case was tried in the lower court, there have been a number of decisions, both of this court and the Supreme Court of the United States, fairly settling the law relative to these interstate shipments.

In the case of *St. Lou's & S. F. R. R. Co. v. N. V. Bilby*, 35 Okla. 589, 130 Pac. 1089, in the first paragraph of the syllabus, it is held:

"1.  On account of the passage of Act Cong. June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1911, p. 1284), the state, under its police power, has ceased to

have the authority to pass acts relative to contracts made by carriers pertaining to interstate shipments, and section 9, art. 23 (section 358, Williams' Ann. Const.) of the Constitution of this state applies only to intrastate shipments (following *Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314 [44 L. R. A. (N. S.) 257] decided by the Supreme Court of the United States on January 6, 1913).

"(a)   As to interstate shipments, the common law liability of the carrier for the safe carriage of property may be limited by a special contract with the shipper, where such contract, being supported by a consideration, is reasonable and fairly entered into by the shipper, and does not attempt to cover losses caused by the negligence or misconduct of the carrier (following *Adams Express Co. v. Croninger, supra)."*

See, also, *St. L. & S. F. R. R. Co. v. Zickafoose,* 39 Okla. 302, 135 Pac. 406; *M., K. & T. Ry. Co. v. Harriman Bros.,* 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690; *A., T. & S. F. Ry. Co. v. Robinson,* 233 U. S. 173, 34 Sup. Ct. 556, 58 L. Ed. 901, and cases cited,

Therefore, on account of the giving of the above erroneous instruction, the cause is reversed and remanded for a new trial.

By the Court:   It is so ordered.